# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-2042
Filed April 1, 2026

———————————

**In the Interest of P.S., Minor Child,**

**T.D., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Thomas J. Straka, Judge.

———————————

**AFFIRMED**

———————————

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P.,
Dubuque, attorney for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney
General, attorneys for appellee State.

Kathryn M. Conway, Dubuque, attorney and guardian ad litem for minor
child.

———————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

A mother appeals the termination of her parental rights to her child.[1] The family first came to the Iowa Department of Health Human Services' attention at time of the child's birth in April 2025 due to the child experiencing withdrawal from methamphetamine. The child required close medical care and has been out of the mother's custody since leaving the hospital after birth. The child has been placed with a foster family who meet all her daily needs. The mother was arrested for possession of methamphetamine in September. The State then petitioned for termination of the mother's parental rights to the child, which the juvenile court granted. The mother appeals, contending the juvenile court should have granted her an additional six months towards reunification. On our de novo review,[2] we affirm.

A juvenile court is permitted to deny termination and grant a parent an additional six months toward reunification "only if the need for removal 'will no longer exist at the end of the additional six-month period.'" *W.T.*, 967 N.W.2d at 323 (*quoting* Iowa Code § 232.104(2)(b) (2021)). After thoroughly reviewing the record, we agree with the juvenile court's conclusions that termination is in the child's best interests and that conditions for removal would still exist in six months.

The mother's contention that she had only "recently been provided resources to engage in mental health treatment" but is "looking forward to

---

[1] The parental rights of all putative fathers were also terminated, and no putative father appeals.

[2] Termination-of-parental-rights proceedings are reviewed de novo. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). We give weight to, but are not bound by, the juvenile court's fact findings. *Id.*

getting engaged with those services" is unsupported by the record and the law. *See In re J.H.,* 952 N.W.2d 157, 171 (Iowa 2020) (explaining that we should look to past performance rather than "speculate about what the future holds" for a parent's behavior (citation omitted)); *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.").

We cannot rely on the mother's suggestion that she will use department-offered substance-treatment services in the future when she has failed to use those services in the past and—contrary to her claims otherwise—has been given ample opportunity by the department to engage in services. *See J.H.*, 952 N.W.2d at 171. Her assertion that she has been "steadfast in her position that she want[s] to be reunified with the child" is not persuasive to the need for removal no longer existing in six months. The mother has not begun substance-use treatment, has continued to use methamphetamine, and has missed drug tests. She argues past failures to engage in services have been due to her mental-health struggles but has provided no evidence or indication that those failures will change.

Not only must the mother show the impediments to placing the child with her will not exist in six months, but we must also consider whether the further delay is in the child's best interests. *See W.T.*, 967 N.W.2d at 323. In doing so, we

> give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." . . . For integration [with a foster family], we look at how long the child[] ha[s] been living with the foster family, how continuity would affect the child[], and the preference of the child[] if they are capable of expressing a preference.

*In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) (internal citations omitted).

A six-month extension towards reunification is not appropriate under these circumstances. For reasons stated above, we agree with the juvenile court that termination of the mother's parental rights was in the child's best interests. *See id.*

**AFFIRMED.**